UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL TROWBRIDGE,<br><br>           Plaintiff,<br><br>   v.<br><br>NALCO COMPANY,<br><br>           Defendant. | No.<br><br>COMPLAINT<br><br>JURY TRIAL REQUESTED |

## NATURE OF THE ACTION

1. This is an action for damages under the Washington State Wage and Hour statutes RCW 49.46 *et seq.*, 49.52 *et seq.* and RCW 49.48 *et seq.*, and the Washington common law, for declaratory judgment, equitable relief, money damages, and to provide appropriate relief to Russell Trowbridge, Plaintiff, an employee who was adversely affected by the unlawful employment practices of Defendant. Defendant violated Washington State Wage and Hour statutes RCW 49.46 *et seq.*, RCW 49.52 *et seq.*, and RCW 49.48 *et seq*, Washington State common law and Washington State public policy, and discharged Plaintiff in retaliation for his opposition to the violation of his rights and to the unlawful withholding of his wages. Defendant further discharged Plaintiff in retaliation for his opposition to Defendant's unlawful employment policies. Plaintiff seeks monetary and injunctive relief, including pecuniary, nonpecuniary, and punitive damages, to the fullest extent allowed by law.

COMPLAINT
Page 1

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because diversity is complete between Plaintiff and Defendant.

4. This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

5. Venue of this Court is invoked under 28 U.S.C. § 1391.

6. The practices alleged to be unlawful were committed within the jurisdiction of the federal District Court for the Western District of Washington at Tacoma.

7. Plaintiff Russell Trowbridge ("Trowbridge") is a citizen of Washington State and a resident of Clark County, Washington.

8. Plaintiff was employed by Defendant in the Western District of Washington.

9. Defendant Nalco Company, Inc. is a Delaware corporation, with its principal place of business in Naperville, Illinois. Defendant Nalco Company conducts business in the State of Washington and nationwide.

10. Defendant is liable in its corporate capacity and to the extent that state law allows.

11. All acts complained of herein are believed to have occurred in the course of business in the Western District of Washington.

## STATEMENT OF CLAIMS AND ISSUES

12. The preceding paragraphs 1 through 11 are re-alleged and hereby incorporated by reference.

13. While employed by Defendant at the Vancouver, Washington facility, Plaintiff was regularly forced to work off-the-clock and was not compensated for hours worked.

14. While employed by Defendant at the Vancouver, Washington facility, Defendant willfully ordered Plaintiff not to record or seek compensation for hours worked with intent to deprive him of

COMPLAINT
Page 2

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

wages owed, including overtime wages, in violation of state wage statues, including but not limited to RCW 49.46, RCW 49.48, AND RCW 49.52.

15. Plaintiff objected to Defendant's policies described in the two preceding paragraphs.

16. Because of his opposition to these above-mentioned activities, Plaintiff was subjected to adverse actions by Defendant, including but not limited to retaliation and discharge from employment with Defendant.

17. Plaintiff's opposition activity was a motivating and substantial factor in Defendant's termination of Plaintiff's employment.

18. Defendant's discharge of Plaintiff violated the public policy of the State of Washington.

19. As a result of Defendant's violation of law and public policy, Plaintiff suffered damages in an amount to be proved at trial.

20. Defendant had a duty to not retaliate against Plaintiff for refusing to commit unlawful acts in the course of his employment.

21. Defendant further intentionally withheld wages from Plaintiff without permission or legal right to do so.

22. Defendant's wrongful withholdings constitute unlawful actions under RCW Title 49, including but not limited to RCW 49.46, RCW 49.48 and RCW 49.52.

23. Defendant breached its duty not retaliate against Plaintiff.

24. Because of Defendant's negligent breach of its duty to Plaintiff, Plaintiff suffered severe emotional distress.

25. As a result of this emotional distress, both negligently and intentionally inflicted on Plaintiff by Defendant, Plaintiff suffered damages in an amount to be determined at trial.

26. Defendant is liable for the actions of its managers and supervisors.

27. Defendant knew or in the exercise of ordinary care should have known of the unlawful conduct of its owners, managers and other employees toward the Plaintiff.

COMPLAINT
Page 3

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

28. Defendant failed to act to eliminate the unlawful treatment of Plaintiff referenced in the above paragraphs, and was negligent in the hiring, retention, and supervision of its managers, supervisors, and employees, thus breaching a duty owed to Plaintiff.

29. Plaintiff suffered damages as a result of the aforementioned conduct as set forth in the prayer for relief.

## RESERVATION OF RIGHTS

30. Plaintiff reserves the right to add, revise, or withdraw any claims, or add additional parties during the course of the litigation as information is obtained through discovery.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court enter judgment against Defendant, jointly and severally, as follows:

A. Grant a permanent injunction enjoining Defendant, their officers, successors, agents, assigns, and all persons in active concert or participation with it, from engaging in any other employment practice which retaliates against any employee for opposing such practices.

B. Order Defendant to institute and carry out policies, practices, and programs, which eradicate the effects of its past and present unlawful employment practices.

C. Award Plaintiff special damages for lost back pay and front pay, lost business opportunities, lost wages and benefits, and medical expenses, in an amount to be established at trial;

D. Award Plaintiff compensatory damages, past and future, for any and all pecuniary and non-pecuniary damages, including but not limited to pain and suffering, loss of enjoyment of life, and emotional distress, in an amount to be established at trial;

E. Award Plaintiff all damages allowed by law for Defendant malicious and reckless conduct described in the above paragraphs, including exemplary or punitive damages, in an amount to be established at trial;

F. Award Plaintiff all unpaid wages under RCW 49.46 *et. seq.*, RCW 49.48 *et. seq.*, and RCW 49.52 *et. seq.*

COMPLAINT
Page 4

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

  G. Award Plaintiff liquidated and/ or double damages as allowed under RCW 49.52 for the intentional withholding of his wages;

  H. Award Plaintiff statutory and reasonable attorney's fees, litigation expenses and costs incurred in this action under RCW 49.46, RCW 49.48 and RCW 49.52, or any other applicable statute;

  I. Award Plaintiff tax consequences of any general damage award.

  J. Award Plaintiff other damages including prejudgment interest and post-judgment interest, in an mount to be established at trial;

  K. Award Plaintiff punitive damages to the fullest extent allowed by law; and

  L. Award Plaintiff any additional or further relief that this Court finds appropriate, equitable, or just.

  DATED this 6th day of March, 2008.

        THE BLANKENSHIP LAW FIRM, P.S.


        By: /s/ Scott C. G. Blankenship
         Scott C. G. Blankenship, WSBA No. 21431
         Nazik S. H. Youssef, WSBA No. 39762
         The Blankenship Law Firm, P.S.
         1201 Third Avenue, Suite 2880
         Seattle, WA 98101
         Telephone: (206) 343-2700
         Fax: (206) 343-2704
         Email: sblankenship@blankenshiplawfirm.com
           nyoussef@blankenshiplawfirm.com
        Attorneys for Plaintiff

COMPLAINT
Page 5

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

cc060702