THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL TROWBRIDGE,<br><br>             Plaintiff,<br><br>   v.<br><br>NALCO COMPANY,<br><br>             Defendant. | No. C08-5137 RJB<br><br>PLAINTIFF'S MOTION TO COMPEL<br><br>NOTE ON MOTION CALENDAR:<br>Friday, January 9, 2009 |

PLAINTIFF'S MOTION TO COMPEL (Cause No. C08-5137 RJB)
Page i

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

## I. INTRODUCTION

Plaintiff Russell Trowbridge in the above-captioned action and moves this Honorable Court to compel Defendants Nalco, Inc. to (A) compel the defendant to remove an "attorneys eyes only" designation from documents and (b) compel the Defendant to produce the personnel file of Mr. Earling Jensen.

The court should compel the Defendant to remove the "attorneys eyes only" designation from the personnel documents because providing the documents under "attorneys eyes only" is tantamount to not providing the documents at all: the documents cannot be used in any fashion in this case, including motions, depositions, or even trial. Defendant has essentially designated all documents contained in personnel files as "attorneys eyes only" regardless of the character of the documents. Defendant has abused the designation. Even Mr. Trowbridge has been prevented from assisting counsel in interpreting the documents, or using it to prepare his case. We are aware of no case law allows this designation to be used so broadly. Indeed, we could not even provide exhibits of these documents to the Court because they are marked "attorney's eyes only."

The court should compel the Defendant to produce the personnel file of Mr. Earling Jensen. Mr. Jensen was an employee at the same facility and under the same management as the Plaintiff. Mr. Trowbridge has reason to believe lodged complaints on Mr. Trowbridge's behalf and Mr. Earling Jensen is believed to have engaged in protected activity around the same time as Plaintiff and it is relevant to determine how the Defendant treated Mr. Jensen.

In his First Interrogatories and Requests for Production, Plaintiff asked Defendant to identify all individuals who held the same position as Plaintiff, their personnel files, as well as the personnel files of other individuals with involvement in claims made by Plaintiff. *Declaration of Elizabeth Hanley DeLong ("DeLong Decl."), Exhibit A*.

This court has already held a telephonic hearing on these issues but declined to rule. *Declaration of Elizabeth Hanley DeLong ("DeLong Decl."), Exhibit B*. The Plaintiff respectfully requests that (1) with respect to the attorneys eyes only documents, this court will compel the Defendant to remove the attorneys

PLAINTIFF'S MOTION TO COMPEL (Cause No. C08-5137 RJB)
Page 1

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

eyes only designation from the personnel files with the entry of this order, or designate information to be covered by a protective order and (2) with respect to the personnel file of Mr. Jensen, this court will compel the Defendant to produce the file to Plaintiff within 5 days of the entry of its order.

## II.   FACTS

### A. Defendant retaliatorily discharged the Plaintiff and Plaintiff is entitled to documents produced according to terms which permit him to prosecute his case efficiently.

Mr. Trowbridge was a driver at Defendant Nalco, Inc.'s Vancouver facility from August 11, 2003 until he was retaliatorily discharged on May 6, 2005. During the period of his employment Defendant required him to work off the clock in order to perform his required job duties even though he regularly worked over sixty hours a week. Mr. Trowbridge, on multiple occasions, complained about Defendant's wrongful wage and hour practices. The Defendant, Mr. Trowbridge's former employer, fired him when Mr. Trowbridge complained of working "off the clock." Working "off the clock" refers not only to working unpaid, but in the case of commercial truck drivers, "working off the clock" also refers to working over the 60 hours permitted by DOT regulations. These regulations are designed to protect the public from tired truck drivers controlling rigs of tens of thousand pounds, and governing the hours that can be driven or worked by commercial truck drivers. Additionally, he was not being paid for time he worked, and was denied straight time and overtime in violation of Washington Law. As a result of his opposition activity, Mr. Trowbridge was wrongfully disciplined and terminated. *DeLong Decl.*

Mr. Trowbridge must have full access to personnel files; he currently has no access to the files to assist his counsel in rebutting any defenses raised by the Defendant or prosecuting his own case. Because even public records like the Washington Patrol and DOT incident reports were produced under an "attorneys eyes only" provision, Mr. Trowbridge could not even use the documents to prepare for his own deposition on December 12, 2008 or to assist his counsel in decoding the reports for use in deposing current drivers for Defendant company. Furthermore, Plaintiff's counsel, because of the attorneys eyes only provision, essentially has no documents to append to motions in support of Plaintiff's claims because

PLAINTIFF'S MOTION TO COMPEL (Cause No. C08-5137 RJB)
Page 2

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

even log books showing whether other drivers were also exceeding 60 hours per week of work are designated attorneys eyes only. Indeed, we could not even show the Court the documents in this motion.[1]

Defendant has already redacted the personnel files provided under attorneys eyes only provisions. However, the redactions were supposed to be limited to those redactions under Federal Rule 5.2. Instead, the Defendant redacted commercial drivers license numbers, so, like the attorneys eyes only provision, provided documents that Plaintiff could not use to seek other information (DOT citations, for example) or to evaluate as comparator evidence.. *DeLong Decl., Exhibit C.*

### B. Mr. Jensen's personnel file is discoverable.

Mr. Jensen was an employee at Vancouver, WA Nalco, Inc. facility at the same time as Mr. Trowbridge. Mr. Trowbridge testified that Mr. Jensen may have complained about his treatment and suffered similar harassment. He may also have lodged complaints on Mr. Trowbridge's behalf. The personnel file of Mr. Jensen may assist Plaintiff in determining whether retaliatory termination is a pattern and practice of Defendants', or whether Defendant had an internal procedure for evaluating employees who complain, or other relevant and discoverable information. Plaintiff requested his personnel file specifically in Request for Production J, and Defendant has refused to produce it. *Delong Decl., Exhibit A* at 18:5-12.

### C. Plaintiff's Counsel Has Conferred as Required by Rule 37.

Plaintiff's counsel has conducted numerous Rule 37 conferences with defense counsel regarding the release of attorneys-eyes only designation from personnel documents on numerous occasions and Defendant's lawyer has been candid in explaining that his client is adamant about keeping the documents designated for "attorney's eyes only." Absent a Court order, the designation must stand.

On December 4, 2008, the court conducted a telephonic hearing regarding this discovery issue. *DeLong Decl., Exhibit B.* Mr. Trowbridge's counsel received documents, but all immediately produced were marked "attorney's eyes only." Plaintiff's counsel tried informally to get the information released

---

[1] Defendant has already redacted the personnel files provided under "attorneys eyes only" provisions. However, the redactions were supposed to be limited to those redactions under Federal Rule 5.2. Instead, the Defendant redacted commercial drivers license numbers, so, like the "attorneys eyes only" provision, provided documents that Plaintiff could not use to seek other information (DOT citations, for example) or to evaluate as comparator evidence.. *Exhibit C to DeLong Decl.*

PLAINTIFF'S MOTION TO COMPEL (Cause No. C08-5137 RJB)  
Page 3

**THE BLANKENSHIP LAW FIRM, P.S.**  
28th Floor, Washington Mutual Tower  
1201 Third Avenue  
Seattle, Washington 98101  
(206) 343-2700

subject to a protective order. On Tuesday, December 16, 2008 and up to December 19, 2008, Plaintiff's counsel informed Defense Counsel in multiple conversations that unless Defendant would release documents from "attorneys eyes only" provisions, then Plaintiff's counsel would be forced to file a motion. *DeLong Decl., Exhibit D.*

### III.    ARGUMENT AND AUTHORITY

#### A.    The Federal Rules of Civil Procedure Demand Broad Discovery.

Those rules are thwarted when Defendant provides information protected by "attorney's eyes only" provision. This designation is tantamount to not providing the information at all. Moreover, Mr. Jensen's personnel file is discoverable, as an employee who make complaints like Mr. Trowbridge at the same facility and with the same management.

Fed. R. Civ. P. 26(b)(1) provides for discovery in civil actions as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things in the identify and location of persons having knowledge of any discoverable matters. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

This broad right of discovery is based on the general principle that litigants have a "right to every man's evidence," *United States v. Bryan*, 339 U.S. 323, 331, (1950), and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.  The court in *Ragge v. MCA/Universal* elaborated:

> A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action.

165 F.R.D. 601, 604 (D. Cal. 1995) (emphasis added).  ***The question is whether the documents sought will have "any possible relevancy to the subject matter of this action."***  Under this liberal gate-keeping standard all documents Plaintiff seeks are clearly potentially relevant.

PLAINTIFF'S MOTION TO COMPEL (Cause No. C08-5137 RJB)
Page 4

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

The primary means to discredit Defendants' reason for termination is by showing that similarly situated employees were evaluated differently—a difference that Plaintiff will prove was attributable to his complaining about employees not being paid. Indeed, courts have concluded that in civil rights cases, by analogy that discoverable evidence includes:

> Documents pertaining to promotions or demotions, disciplinary proceedings, work performance reviews and evaluations, and complaints, are relevant, among other things, to the employer's knowledge of a hostile work environment. Such documents also pertain to the credibility of witnesses, including the named defendants, and provide a means to compare statements made during depositions to documents maintained by the employer.

*Id. See also Roto-Finish Co. v Ultramatic Equipment Co.*, 60 F.R.D 571, 572 (N.D. Ill. 1973) (Plaintiff's motion to compel answers to interrogatories and production of documents will be granted where defendant does not show that such production and answers will be annoying, burdensome or completely irrelevant to thrust of instant litigation).

In this case, the documents provided under "attorney's eyes only" have prohibited the Plaintiff from using the documents from comparators as contemplated under the aforementioned law. With the status quo of "attorney's eyes only" "documents pertaining to promotions or demotions, disciplinary proceedings…" cannot be used even in motion practice; the court cannot view these documents, only the lawyers can. *Id.* Therefore, plaintiff cannot prosecute his case unless the "attorney's eyes only" provision is removed. As it stands, comparator evidence which is undoubtedly relevant and discoverable, cannot be used in prosecuting Mr. Trowbridge's case. *See e.g.*, *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1297 (9th Cir. 2001) (different treatment of similarly situated employees constitutes evidence to support a finding of discrimination). Without information regarding any similarly situated employees that Plaintiff can assist counsel in interpreting and that Plaintiff's counsel can use in motions, plaintiff will be at a loss to rebut Defendants' assertion that his job performance was deficient for promotion, and justified his termination.

PLAINTIFF'S MOTION TO COMPEL (Cause No. C08-5137 RJB)
Page 5

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

**B.    Mr. Jensen's personnel file should be produced because it contains discoverable evidence and similar to discrimination cases, Wage and Hour violation and retaliatory discharge cases can turn on evidence that might not be admissible in other contexts.**

Similar to discrimination cases, claims alleging wage and hour retaliation often turn on evidence that might not be admissible in other contexts. Indeed, in employment discrimination cases, greater latitude in discovery is well-recognized: "liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657-58 (1989). Therefore, unnecessary discovery limitations should be avoided, as the proof required to show unlawful discrimination is often indirect or circumstantial. *EEOC v. Lockheed Martin*, 2007 U.S. Dist. LEXIS 39342 (D. Haw. 2007). Recognizing that "there will seldom be 'eyewitness' testimony as to the employer's mental processes," the United States Supreme Court held that evidence of the employer's In fact, courts have concluded that in civil rights cases discoverable evidence routinely includes:

> Documents pertaining to promotions or demotions, disciplinary proceedings, work performance reviews and evaluations, and complaints, are relevant, among other things, to the employer's knowledge of a hostile work environment. Such documents also pertain to the credibility of witnesses, including the named defendants, and provide a means to compare statements made during depositions to documents maintained by the employer.

*Ragge v. MCA/Universal,* 165 F.R.D. 601(D. Cal. 1995).(The court concluded that in employment discrimination cases, such evidence will include personnel files and similar documents.)

In this case, Plaintiff has narrowly designated which personnel files to request. Mr. Jensen's file should be provided because it could show the Defendant's treatment of an employee engaged in protected activity. *Supra II.C* This is relevant evidence because "evidence of the employer's discriminatory attitude in general is relevant and admissible to prove discrimination. *U. S. Postal Serv. Bd. of Gov. v. Aikens*, 460 U.S. 711, 713-14 n.2 & 716 (1983*See also Roto-Finish Co. v Ultramatic Equipment Co*., 60 F.R.D 571, 572 (N.D. Ill. 1973) (Plaintiff's motion to compel answers to interrogatories and production of documents will be granted where defendant does not show that such production and answers will be annoying, burdensome or completely irrelevant to thrust of instant litigation). The issues here are nearly identical to a FLSA wage and hour retaliation case, the rationale for discovery in those cases should apply here. It is vital in this case, as in FLSA wage and hour retaliation cases to allow discovery into a defendant's

PLAINTIFF'S MOTION TO COMPEL (Cause No. C08-5137 RJB)
Page 6

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

motives and actions: "The effects of blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of its own motives." *Hawkins v. Hennepin Technical Ctr.*, 900 F.2d 153, 155 (8th Cir. 1990). Mr. Trowbridge's case will be severely prejudiced if he is essentially precluded from showing Defendants' motive through the use of evidence of Defendant's treatment of employees engaging in protected activities through Mr. Jensen's personnel file. After all,

> ***Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices*** -- evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive.

*Hawkins*, 900 F.2d at 155-56 (emphasis added) (citation omitted) citing *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir. 1988).

## IV.  CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court instruct Defendant Nalco, Inc. to fully and completely respond to the outstanding discovery without "attorneys eyes only" provisions restricting Plaintiff's use of the documents. Mr. Trowbridge also respectfully requests that this Court instruct Defendants to fully and completely produce Mr. Jensen's personnel file because the personnel file is relevant to show whether Mr. Jensen lodged complaints on Mr. Trowbridge's behalf, and how he was treated as a result.

Plaintiff's counsel had diligently attempted to resolve this discovery dispute without the Court's attention, unfortunately that has not been possible.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S MOTION TO COMPEL (Cause No. C08-5137 RJB)  
Page 7

THE BLANKENSHIP LAW FIRM, P.S.  
28th Floor, Washington Mutual Tower  
1201 Third Avenue  
Seattle, Washington 98101  
(206) 343-2700

DATED this 23rd day of December, 2008.

       THE BLANKENSHIP LAW FIRM, P.S.


       By: /s/Elizabeth Hanley DeLong
        Scott C. G. Blankenship, WSBA No. 21431
        Elizabeth Hanley DeLong, WSBA No. 38233
        The Blankenship Law Firm, P.S.
        1201 Third Avenue, Suite 2880
        Seattle, WA 98101
        Telephone: (206) 343-2700
        Fax: (206) 343-2704
        Email:  sblankenship@blankenshiplawfirm.com
            edelong@blankenshiplawfirm.com
       Attorneys for Plaintiff

PLAINTIFF'S MOTION TO COMPEL (Cause No. C08-5137 RJB)  
Page 8

THE BLANKENSHIP LAW FIRM, P.S.  
28th Floor, Washington Mutual Tower  
1201 Third Avenue  
Seattle, Washington 98101  
(206) 343-2700

## DECLARATION OF SERVICE

The undersigned hereby declares under penalty of perjury under the laws of the State of Washington that, on the below date, I mailed or caused delivery and/or electronically filed a true copy of this document, which will send notification of such filing, to the following persons:

Jeffrey B. Youmans, Esq., WSBA No. 26604
jeffreyyoumans@dwt.com
Sheehan Sullivan Weiss, Esq., WSBA No. 33189
sheehansullivanweiss@dwt.com
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Phone: (206) 622-3150
Fax:   (206) 757-7700

*Attorney for Defendant*

at their regular offices.

DATED this 23rd day of December, 2008, at Seattle, Washington.

/s/Elizabeth Hanley DeLong
Elizabeth Hanley DeLong, WSBA No. 38233
The Blankenship Law Firm, P.S.
1201 Third Avenue, Suite 2880
Seattle, WA 98101
Telephone: (206) 343-2700
Fax: (206) 343-2704
Email:  edelong@blankenshiplawfirm.com

PLAINTIFF'S MOTION TO COMPEL (Cause No. C08-5137 RJB)
Page 9

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

cl230705