UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSSELL TROWBRIDGE,

          Plaintiff,

      v.

NALCO COMPANY,

          Defendant.

Case No. C08-5137RJB

ORDER ON MOTION TO COMPEL

This matter comes before the Court on the Plaintiff's Motion to Compel. Dkt. 21. The Court has considered the relevant documents and the remainder of the file herein.

## I.    FACTS

On March 6, 2008, Plaintiff filed this diversity case alleging that Defendant violated his rights under the Washington State Wage and Hour statutes RCW 49.46 *et seq.*, 49.52 *et seq.* and RCW 49.48 *et seq.*, and the Washington common law. Dkt. 1. Plaintiff was a driver for Defendant at its Vancouver, Washington facility from August 11, 2003 until May 6, 2005. *Id.* Plaintiff alleges that Defendant forced him to work "off the clock" and fired him when he complained. *Id.*

In the instant motion, Plaintiff moves the Court to compel Defendant to: A) remove the "attorneys' eyes only" designation from all 2600 pages of the personnel files produced thus far, and B) produce the personnel file of Earling "Bruce" Jensen. Dkt. 21.

There is no protective order in place in this case pursuant to FRCP 26(c). While there are references by counsel to agreements, there is no clear indication in the record as to what, if any, agreements have been reached. The court is reluctant to enforce purported agreements that are not clearly set forth.

ORDER
Page - 1

### A.   REMOVAL OF "ATTORNEYS' EYES ONLY" DESIGNATION

Parties have exchanged discovery materials, including over 2600 pages of personnel files for thirteen of Defendant's current and former employees. Dkt. 24, at 2. The Defendant initially objected to producing these files because the personnel files contained confidential, non-relevant information. *Id.* On December 4, 2008, a telephone conference was held with the Court regarding these files. Dkt. 18. At that conference parties discussed designating these personnel records as "attorneys' eyes only." Dkt. 18. The Court indicated that would be one way to deal appropriately with confidentiality issues. No motion was made, and no order was issued from that conference. After further consultation with Plaintiff's counsel, Defendant produced the personnel files for "attorneys' eyes only." Dkt. 24, at 2. The documents were produced in a redacted form. *Id.* Defendant's counsel states that he told Plaintiff's counsel that he was "willing to discuss carve-outs for particular documents after Plaintiff's counsel reviewed the files, if Plaintiff's counsel felt that they needed to use particular documents in deposition or motions, for example." Dkt. 24, at 3. Defense counsel states that parties have been successful: during a deposition, Plaintiff's counsel identified certain "attorneys' eyes only" documents he wanted to use as exhibits, and defense counsel agreed to their use. *Id.*, at 4. According to Defense counsel, Plaintiff's counsel has not identified further specific documents from which they want the "attorneys' eyes only" designation removed. *Id.* Plaintiff's counsel argues that he is unable to properly prepare for the case without having his client review these materials. Dkt. 21.

### B.   PRODUCTION OF MR. JENSEN'S PERSONNEL FILE

Mr. Earling "Bruce" Jensen is a former employee of Defendant. Dkt. 24, at 5. He worked at the Vancouver plant as an operator in the manufacturing side of the business. *Id.* He was not a Delivery Specialist, like Plaintiff, was not assigned a truck, and was not a manager with any authority over Plaintiff. *Id*. Plaintiff argues that Mr. Jensen was terminated after he engaged in protected activity, that is complaining about religious discrimination. Dkt. 25. Plaintiff argues that Mr. Jensen's personnel record is relevant to show Defendant's potential motivation - that is how Defendant deals with people who complain about a violation of their rights. *Id.* Defendant argues that Plaintiff's motion is untimely, is contrary to a compromise reached by the parties, and the file is not reasonably calculated to lead to the discovery of admissible evidence. Dkt. 23.

This opinion will first address removal of the "attorneys' eyes only" designation on the personnel

files and then the motion to compel production of Mr. Jensen's personnel file.

## II.    DISCUSSION

### A.    REMOVAL OF "ATTORNEYS' EYES ONLY" DESIGNATION

Pursuant to Fed. R. Civ. P. 37 (a)(1), "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 26 (b)(1) provides that,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Plaintiff's motion to compel removal of the "attorneys eyes only" designation on the subject personnel files should be granted.  At least some portions of these personnel records appear to be "relevant to the subject matter involved." Fed. R. Civ. P. 26(b)(1).  There is no protective order in place regarding these records, and none has been requested.  Notably, there is reference in an email by Plaintiff's counsel to potentially agreeing to a protective order. Dkt. 22-2, at 18. Parties also make reference to an additional agreement regarding these files, but none appears in the record. The nature of this agreement, if any, is unclear.  Accordingly, Defendant should be ordered to remove the "attorneys eyes only" designation from the personnel files on or before January 28, 2009, unless it chooses to file a motion for a protective order within that time, in which case this order will not be enforced pending the court's decision on such a motion.

### B.    PRODUCTION OF MR. JENSEN'S PERSONNEL FILE

Discovery motions were due on December 22, 2008.  Dkt. 11.  In the interest of fully and fairly assessing the evidence in this matter, this motion to compel, filed one day after the deadline, should be considered. Further, Plaintiff's motion to compel the production of Mr. Jensen's personnel file should be granted. Plaintiff has shown that there is potentially relevant information in Mr. Jensen's personnel file. Fed. R. Civ. P. 26(b)(1). Although Defense counsel argues that this motion to compel is contrary to the parties' agreement, it is unclear to what the parties agreed.  Accordingly, Defendant should be ordered to

produce this file, on or before January 28, 2009, unless it chooses to file a motion for a protective order within that time, in which case this order will not be enforced pending the court's decision on such a motion.

### C.    CONCLUSION

The parties appear to have tried to come to an informal agreement regarding the disclosure and protection of information in these personnel files. Such agreements are encouraged. The parties are urged to continue to work together to resolve this discovery dispute without further court intervention, if possible.

The court is aware that discovery motions were due by January 9, 2009, and discovery was to be completed by January 30, 2009. Those dates are extended for the limited purpose of resolving the issues described in this order.

### III.    ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Compel (Dkt. 21) is **GRANTED**: Defendant shall remove the "attorneys eyes only" designation from the personnel files and shall produce Mr. Jensen's personnel file on or before January 28, 2009, unless a motion for a protective order regarding these files is made within that time; and
- Discovery deadlines are extended only as described herein.
- The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of January, 2009.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge